ARTURO TORRELLAS RAMÍREZ, Plaintiff and Appellee, *v.* SUCCN. OF PABLO F. TORRELLAS RAMÍREZ and others, Defendants and Appellants.

No. 7942. Argued March 6, 1939.—Decided March 21, 1939.

*Francisco González Fagundo* for the appellant succession. *José Sabater* for appellee.

500

Mr. Justice Wolf delivered the opinion of the Court.

This was a motion to dismiss an appeal on two grounds. First, for lack of jurisdiction in the Supreme Court, because the appellants failed, in their notice or notices of appeal, to include defendants who were in default and who had an interest in the result of the appeal. The second ground for dismissing the appeal was in effect because the appellants had brought up a judgment roll without incorporating the evidence taken at the trial.

The complaint in this case is fairly lengthy and sets up that the plaintiff entered into an agreement with the predecessor in interest of the appellants, and others, whereby he advanced the money to purchase a coffee drying machine for their mutual benefit. The plaintiff was to be repaid out of the profits of the joint enterprise. The general trend of the complaint is, as we read it, that it was an attempt to recover from each of said defendants the amount that he individually owed, after deducting profits and adding interest. The complaint sets up the amount that each of said defendants owed.

The appellants in this case demurred to the complaint for a lack of jurisdiction inasmuch as the amount to be recovered in each case was less than the jurisdictional amount for which a complaint could be brought in a district court. We may add that when the contract between the parties was entered into originally, they were all tenants in common of a particular farm; that there was a partition of land among the said defendants so that each of them, at and before this suit, owned his part individually.

The court below overruled the demurrer stating that while the prayer of the complaint did not ordinarily form part of it, yet it could be taken into consideration in this case and that it asked that the defendants be condemned to pay jointly and severally (*solidaria y mancomunadamente*) the sum of $615.28.

We question seriously whether the complaint shows anything but a separate liability against each of the defendants. In any event, the facts as to whether the defendants are collectively or individually liable are not so clear that the appellants should not be heard, on appeal, as to the merits of their demurrer. So much for the possible merits of the case.

The appellants, as we have seen, demurred to the complaint. The other defendants merely allowed a default to go against them. As we conceive it, a judgment on appeal declaring the court below without jurisdiction would, if anything, be in favor of the parties in default. If the appeal did not or could not help the said parties, the fact that it was not notified to them, puts them in no worse situation than they would have been if no appeal had been taken. Therefore, we can not see that the defendants in default are the contrary or adverse parties to which the Code of Civil Procedure refers, and hence, the cases on which appellee relies have no application.

It is a matter of course fortified by much jurisprudence of this court that in discussing a demurrer the appellant does not need to incorporate the evidence. This disposes of the second alleged reason for dismissing.

The motion to dismiss will be denied.